The judgment of the court was pronounced by
Rost, J.
The late Judge Martin had loaned to the plaintiff, on mortgage, a large sum of money. In 1844 he took out an order of seizure and sale, under which the property mortgaged was sold and purchased by him; the balance, exclusive of interest, remaining due to him after crediting the proceeds of the sale, was over $20,000.
Judge Martin died in 1846, and the defendant took possession of his succession as universal legatee and executor. The plaintiff presented no claim against the succession ; and on the 10th day of July, 1847, the defendant made, of his own free will, and probably to conform to his brother’s wishes, a donation to Mrs. Meux of the balance due him by her husband, and transferred to her all the rights, actions, privileges and remedies to which he was entitled as holder of the notes of the plaintiff, and as his creditor for the amounts due thereon. The plaintiff was a party to this act, authorized his wife to accept the donation, and acknowledged notice of the transfer of the notes to her. After the execution of the donation, he wrote to the defendant the following letter : “ 1846. The estate of the Hon. F. X. Martin debtor to Dr. Thotnas O. Meux, to professional services rendered him and family during the three past years, $1500. Dear Sir: The above is the amount of professional services rendered since our last settlement of my medical bills, which you will be pleased to settle at your earliest convenience. 10th November, 1847. Respectfully yours, Thomas O. Meux.”
The defendant refused to pay the amount of this claim, and this action is brought to recover it.
The defendant first excepted to the petition on the ground that the action *108 being instituted on an account, the plaintiff was bound to specify the nature and value of his services, and the time when they were rendered ; the plaintiff then amended his petition and filed an account showing services rendered Judge Martin and his family during seven years ; for the whole of which he claimed the compensation stated in the petition.
In answer to both petitions, the defendant pleaded that the plaintiff could only recover for the services of the last three yeai's, and that his claim, if any he had, had been extinguished by compensation before the transfer of his notes to Mrs. Meux by the defendant.
The district judge was of opinion that by pleading compensation, the defendant had admitted the plaintiff’s claim to remuneration for services during the years 1844, 1845 and 1846, and that the plea of compensation was not tenable, because both claims were not equally liquidated and demandable. The account filed by the defendant extends over a period of seven yeai's. The district judge gave judgment in favor of the plaintiff for the last three years, at the rate of $1500 for the whole period. The defendant has appealed; and the plaintiff asks that the judgment be amended and rendered in his favor for the amount claimed.
In the case of Carter et al. v. Morse, 8 Martin Rep. 398, the defendant being sued as endorser of a promissory note, which came to the hands of the plaintiff after its protest, pleaded in compensation an account for professional services rendered to the parties who held the note at the time of its protest. The plaintiffs opposed the compensation, alleging that the claim of the defendant was unliquidated. But the court sustained the plea, on the ground that the original holders of the note were aware of the existence of the claim, and that it did not appear they had ever contested it. So in the present case, Judge Martin was aware of the existence of the plaintiff’s claim. It is not pretended that he ever contested it; and the plea of compensation filed by the defendant admits its correctness. Under the decision in Morse’s case, therefore, compensation took place of course, by the mere operation of law, even unknown to the parties before the donation to Mrs. Meux. The defendant only gave the rights, actions, privileges and remedies to which he was entitled as holder of the plaintiff’s notes, and that part of them which had been extinguished by compensation did not pass under the transfer. But there is another rule of law equally fatal to the plaintiff’s claim.
The uncommon liberality of the defendant towards the plaintiff and his wife, entitles 'his statements in this matter to great weight; his refusal to pay, shows conclusively that if the plaintiff had used no concealment, and presented his claim before the act of donation was passed, the amount of it would have been deducted from his notes. His participation in the act of donation must have satisfied the defendant that he had nothing to ask. By remaining silent, when it was his undoubted duty to speak, he induced the defendant to act as he did, and acquired to himself the advantage which he now seeks to enforce. He is estopped by the line of conducthe has seen fit to pursue, and would have lost his right of action if the claim had not been extinguished by compensation. Greenleaf Evid. No. 27 and notes. Freeman v. Savage et al., 2d Ann. 269.
It is therefore ordered that the judgment in this case be reversed; and that there be judgment in favor of the defendant, with costs in both courts.